UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

GWENDOLYN HELLAMS,                    :
                                      :
v.                                    :     CIVIL NO. 3:17-CV-1309
                                      :
NANCY A. BERRYHILL, ACTING            :
COMMISSIONER, SOCIAL SECURITY         :
ADMINISTRATION.                       :

## ORDER DISMISSING CASE

For the reasons set forth below, the defendant's Motion to Dismiss (Doc. No. 13) is hereby GRANTED. This case is hereby DISMISSED with prejudice.

The defendant has moved to dismiss the plaintiff's complaint for failure to timely file her case in federal court pursuant to the Social Security Act, 42 U.S.C. § 405(g). Section 405(g) states in relevant part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

The plaintiff did not file her case within the sixty-day limitation period nor did she seek an extension of time from the Commissioner in which to do so.

The plaintiff requested that the Appeals Council review the ALJ's decision on her application. The Appeals Council denied the plaintiff's request for review in a notice dated May

16, 2017, and the plaintiff presumptively received notice of the Appeal Council's denial dated May 21, 2017.  See 20 C.F.R. § 422.210(c) ("[The date of receipt of notice of denial of request for review . . . shall be presumed to be 5 days after the date of such notice."). Consequently, the plaintiff was required to file a civil action on or before July 20, 2017, which she did not do.  Rather, she filed the complaint in this case on August 3, 2017.

Section 405(g) "plainly evidence[s]" Congress' purpose "to impose a [sixty]-day limitation upon judicial review of the [Commissioner]'s final decision on the initial claim for benefits."  Califano v. Sanders, 430 U.S. 99, 108 (1977).  "In addition to serving its customary purpose, the statute of limitations embodied in § 405(g) is a mechanism by which Congress was able to move cases to speedy resolution in a bureaucracy that processes millions of claims annually."  Bowen v. City of New York, 476 U.S. 467, 481 (1986).

As discussed by the defendant, courts have consistently enforced the sixty-day statute of limitations even when a plaintiff filed only a few days late.  As the Sixth Circuit explained in a case where the plaintiff filed a complaint one day late, "allowing [plaintiff] to file his complaint *one day late* likely would create little prejudice to the Commissioner in this particular case, we are mindful of the fact that there are

2

millions of applicants for Social Security benefits each year, and that the lack of a clear filing deadline could create havoc in the system." Cook v. Comm'r of Soc. Sec., 480 F.3d 432, 437 (6th Cir. 2007) (emphasis added).

Finally, while a court may equitably toll the sixty-day limit, a court may extend the period only in cases "where the equities in favor of tolling the limitations period are 'so great that deference to the agency's judgment is inappropriate.'" City of New York, 476 U.S. at 480 (quoting Mathews v. Eldridge, 424 U.S. 319, 330 (1976)). Here the plaintiff has pointed to nothing that could establish that equitable tolling is appropriate.

Accordingly this case should be dismissed with prejudice.

The Clerk shall close this case.

It is so ordered.

Signed this 18th day of January, 2018 at Hartford, Connecticut.

                                                  /s/AWT
                                Alvin W. Thompson
                      United States District Judge